| íAPPLICATIONS CONSOLIDATED; WRIT GRANTED; RULING AFFIRMED; WRIT DENIED.
The application of the defendants, the City of Shreveport, the Shreveport Convention Center Hotel Authority and the State of Louisiana through the Division of Administration, for review of the ruling on venue by the district court is hereby granted for purposes of review on the merits. Their writ application seeking review of the trial court’s denial of a stay of the proceedings below, No. 40,570-CW, is hereby consolidated with the writ application in No. 40,519-CA and is denied. We affirm the ruling of the trial court in No. 40,519-CA.
Plaintiffs have filed suit in the First Judicial District Court against the above-named defendants seeking a judgment declaring that the defendants may not spend some $12,000,000.00 in capital outlay funds on the construction of a hotel at the City’s new Convention Center facility. The plaintiffs also requested that the use of these funds for the hotel be enjoined. The defendants filed a declinatory exception of improper venue, urging that the Nineteenth Judicial District Court in |2East Baton Rouge Parish is the only proper venue for this action. The trial court overruled the exception, and the defendants appealed that ruling to this court. In the interest of expediting this ruling, this court granted the motion of plaintiffs to convert this appeal into an application for supervisory writs.
As noted in Underwoood v. Lane Memorial Hospital, 97-1997 (La.7/8/98), 714 So.2d 715, La. C.C.P. art. 42 has no provision for venue in actions against the state or political subdivisions of the state. See also White v. Beauregard Memorial Hospital, 02-0902 (La.6/14/02), 821 So.2d 481. Instead, La. R.S. 13:5101, et seq., the Louisiana Governmental Claims Act, provides for venue against these defendants. La. R.S. 13:5102 provides, in part:
A. As used in this Part, “state agency” means any board, commission, department, agency, special district, authority, or other entity of the state....
B. As the term is used in this Part, “political subdivision” means:
(1) Any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, *484 authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.
Under this article, the Division of Administration is a “state agency” under section A of La. R.S. 13:5102; the City and the Hotel Authority are “political subdivisions” within the meaning of section B.
La. R.S. 13:5104 provides, in part:
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
B. All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
In Underwood, the court observed that La. R.S. 13:5104(B) uses the term “shall” in specifying venue for actions against political subdivisions of the state while La. R.S. 13:5104(A) uses the term “may.” The court concluded that the legislature intended for “shall” to mean that venue for an action against a political subdivision must be either “before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.” Venue in an action against a state agency may be in one of those locations.
IsThe City of Shreveport is located within Caddo Parish, the site of the First Judicial District Court. Likewise, the Hotel Authority is located within Cad-do Parish. Venue as to each of these defendants must either be at their home in Caddo Parish or “in the district court having jurisdiction in the parish in which the cause of action arises.” Assuming arguen-do that the cause of action against these defendants arose in East Baton Rouge Parish, venue against them is still proper in Caddo Parish because that is their location. Again, assuming arguendo that the cause of action against the Division of Administration arose in East Baton Rouge Parish, venue for the action against this defendant, located in East Baton Rouge Parish, is proper in Caddo Parish under the doctrine of ancillary venue. As the supreme court in Underwood, supra, explained, the doctrine of ancillary venue “allows claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.” We find the cases cited by the defendants as authority that they may only be sued in East Baton Rouge Parish inapposite and, in some cases, in conflict with the supreme court’s decision in Underwood.
Accordingly, the ruling of the district court overruling the defendants’ exception of venue is affirmed. The defendants’ motion for a stay of proceedings in the district court is denied.